GEORGE HUNT, Attorney General,

*v.*

THE LeGRAND ROLLER SKATING RINK COMPANY *et al.*

*Filed at Springfield November 2, 1892.*

1.  CORPORATIONS—*dissolution under sec. 25, chap. 32, of the Revised. Statutes.* Section 25 of the act relating to corporations is intended to afford a remedy in the nature of a creditor's bill, and is designed to aid creditors in the collection of their debts; and a court of equity, in a suit by creditors, has full power, for cause shown, to close up the business of a corporation or dissolve it.

2.  It was not intended by the legislature, by the enactment of section 25 of the act in regard to corporations, to make either the State or the Attorney General an agent for the collection of debts or claims against corporations organized under that act. The Attorney General is, therefore, not authorized by law to file a bill or information in equity, under that section, for the purpose of dissolving a corporation for a forfeiture of its charter.

3.  SAME—*dissolution under the common law.* The doctrine of the common law is, that a corporation can not be dissolved at the instance of an individual, and that the State, or the Attorney General, as the representative of the State, is a necessary party to any suit to dissolve a corporation for a forfeiture of its charter. But it is competent for the legislative power to provide by statute for the absolute and final dissolution of a corporation at the suit of an individual, even though that is no part of the usual or general jurisdiction of either a court of law or a court of chancery.

4.  It is not only the rule that, without authority from statute, a corporation can not be dissolved at the suit of an individual, but it is also the rule that without statutory authority a court of chancery has no jurisdiction to decree the dissolution of a corporation. Without such authority the mode of proceeding to enforce a dissolution for cause of forfeiture is by *scire facias,* or an information in the nature of *quo warranto,* in a court of law.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. George Hunt, Attorney General, and Mr. James K. Edsall, for the appellant:

The statute confers jurisdiction upon a court of equity to dissolve a corporation for a forfeiture of its franchises. Rev. Stat. chap. 32, sec. 25.

At common law the State, represented by the Attorney General, was a necessary party to any suit to dissolve a corporation for a forfeiture of its charter. Angell & Ames on Corp. sec. 777; Field on Corp. sec. 499; 2 Morawetz on Private Corp. (2d ed.) sec. 1040; 4 Am. and Eng. Ency. of Law, 302, and notes; *Osgood* v. *McGuire,* 61 N. Y. 524; *Folger* v. *Insurance Co.* 99 Mass. 267.

The power is inherent in the Attorney General to institute an appropriate proceeding, in any court of competent jurisdiction, to dissolve a corporation for a forfeiture of its charter, and need not be expressly conferred by statute. *Insurance Co.* v. *Hunt,* 127 Ill. 257; *Hunt* v. *Railway Co.* 20 Ill. App. 282; 121 Ill. 638.

The fact that the Attorney General has not, in behalf of the State, instituted or been a party to suits against corporations under the 25th section of the Corporation act, which have heretofore come before this court for review, can not properly be regarded as authority in support of the position that he is not properly or necessarily a party to such suits, in order to enforce a strict and complete dissolution of the corporation. *Folger* v. *Insurance Co.* 99 Mass. 267; *Osgood* v. *McGuire,* 61 N. Y. 524; *Mann* v. *Pentz,* 18 id. 415.

Mr. John Woodbridge, and Mr. Sidney Corning Eastman, for the appellees:

The Attorney General can not file such an information in equity, under chapter 32, section 25, of the Revised Statutes. No such power is conferred on him by the common law. *Osborn* v. *People,* 103 Ill. 228; *Attorney General* v. *Railroad Co.*

112 id. 537; *Hunt* v. *Railroad Co.* 20 Ill. App. 288; 121 Ill. 642; *Insurance Co.* v. *Hunt,* 127 id. 257.

There is no statute conferring such power.    Rev. Stat. chap. 14, sec. 4.

Mr. Justice Baker delivered the opinion of the Court:

This was an information in equity, filed in the Superior Court of Cook county by the Attorney General, for and in behalf of the People of the State of Illinois, against the LeGrand Roller Skating Rink Company, otherwise called the LeGrand Company, and its stockholders, under section 25 of the Corporations act, to dissolve the corporation and obtain a decree declaring the forfeiture of its charter and franchises. The Superior Court sustained a demurrer to the information, and dismissed the same out of court.

Two questions are discussed in the briefs and arguments of counsel: First, the right and authority of the Attorney General to file an information in equity under section 25 of the Corporations act; and second, the sufficiency of the information here filed to warrant the relief prayed for therein. In the view we have taken of the matter it is necessary to consider only the first of these questions.

All of said section that is material to the present inquiry reads as follows: "If any corporation or its authorized agents shall do or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'no property found,' or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit, and each stockholder

may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock after exhausting the assets of such corporation; and if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders. And courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, who shall have authority, by the name of the receiver of such corporation, (giving the name,) to sue in all courts and do all things necessary to closing up its affairs, as commanded by the decree of such court."

It is provided in said section that suits in equity may be brought against a corporation and its stockholders, and all persons liable in any way for the debts of such corporation, but it is not stated, in express terms, by whom such suits in equity may be prosecuted. It is manifest, however, that the statute provides a remedy in the nature of a creditor's bill, and is designed to aid creditors in the collection of their debts; and it is also plain, from the statute, that, as part of the relief afforded in such suit in equity, the chancery court has full power, for good cause shown, to close up the business of any corporation or dissolve it.

The doctrine of the common law is that a corporation can not be dissolved at the instance of an individual, and that the State, or the Attorney General, as the representative of the State, is a necessary party to any suit to dissolve a corporation for a forfeiture of its charter. But it is entirely competent for the legislative power to provide, by statute, for the absolute and final dissolution of a corporation at a suit of an individual, even though that is no part of the usual or general jurisdiction of either a court of law or a court of chancery. (*Folger* v. *Columbian Ins. Co.* 99 Mass. 267; *Mickles* v. *Rochester City. Bank,* 11 Paige, 118; 4 Am. and Eng. Ency. of Law, 304, and authorities cited in note 1.) It is not only the

rule that without authority from statute a corporation can not be dissolved at the suit of an individual, but it is also the rule that without statutory authority a court of chancery has no jurisdiction to decree the dissolution of a corporation. In *Baker v. Administrator of Backus*, 32 Ill. 79, this court said: "A court of chancery can be specially empowered by statute to divest a corporation of its corporate character and capacity, otherwise, in all cases, the mode of proceeding to enforce a dissolution, for cause of forfeiture, is by *scire facias*, or an information in the nature of a *quo warranto*, in a court of law." And in *Chicago Mutual Life Indemnity Ass. v. Hunt*, 127 Ill. 257, we said: "It is doubtless the rule that, in the absence of statutory provisions, courts of equity have no jurisdiction to decree the dissolution of a corporation, by forfeiture of its franchises, either at the suit of an individual or at the suit of the State. But in the cases holding this rule it is uniformly admitted, whenever the question has arisen, that jurisdiction to decree the dissolution of a corporation may be conferred upon courts of equity by statute."

The authority of courts of chancery to decree the dissolution of corporations in suits in equity brought in that court by creditors and stockholders of such corporations, under the provisions of section 25 of the Corporations act, in a suit to which neither the State nor the Attorney General was a party, was necessarily passed upon in the litigation which was before this court in the cases of *Coal and Mining Co. v. Edwards*, 103 Ill. 472, *Coal and Mining Co. v. Coal and Mining Co.* 111 id. 32, and *Mining Co. v. Mining Co.* 116 id. 170. The proceedings there were under said section 25 of the statutes, and the suit in equity was brought by Francis H. Edwards, Isaac Main, and other stockholders in the company, and by one Frank Seymour, a creditor of the company, and neither the State of Illinois nor the Attorney General was a party to the suit. The first decree entered for the dissolution of the corporation was a decree *pro confesso*, upon default, and it was

reversed on the ground that the service on the corporation was void. (103 Ill. *supra*.) The second decree, rendered on August 7, 1883, was also that the corporation be dissolved, and in passing upon said decree, in 116 Ill. *supra*, this court said: "We think that this decree was warranted by the facts in the case. The evidence shows that the old company had ceased to do business and had left debts unpaid, and was insolvent and unable to prosecute the work for which it was organized. Under the 25th section of the Corporation act the court had power to dissolve it." Although it was not there said, in express terms, that there was authority under said section to dissolve the company in a suit in equity brought by stockholders and creditors, without the State or the Attorney General being joined as a party, yet that was necessarily implied by the decision that was made.

The subsequent case of *Alling et al.* v. *Wenzel et al.* 133 Ill. 264, was a bill in chancery filed by and in behalf of creditors of a corporation, and neither the State nor the Attorney General was a party. It was there said: "Section 25 authorizes creditors of the corporation to bring suits in equity against the corporation and stockholders to enforce the liability of the latter, if the corporation does or fails to do any act subjecting it to a forfeiture of its charter, or fails to make payment, or permits executions to be returned no property found, after demand made by the officer, or shall dissolve or cease to carry on its business, as therein provided." And it was there further said, in answer to the complaint that the decree therein rendered by the Superior Court of Cook county was erroneous in that it dissolved the corporation, "its dissolution was authorized by the statute." See, also, *Chandler* v. *Brown*, 77 Ill. 333, and *Richardson* v. *Akin*, 87 id. 138, as to the right of creditors to bring suits in equity, under said section 25, without any necessity for the Attorney General joining them therein.

We think it clear that it was the intention of the legislature, by the enactment of said section 25, to afford remedies

to creditors of corporations for the enforcement of their private and personal rights, and this even to the extent of permitting courts of equity, for good cause shown, to decree the dissolution of the corporation sued.

It not being essential to the maintenance of a suit in equity brought under said section 25 that the Attorney General should be a party to it, has the Attorney General, nevertheless, power and authority to exhibit an information based on that section? Section 1 of article 5 of the constitution provides that the Attorney General "shall perform such duties as shall be prescribed by law." Section 4 of chapter 14 of the Revised Statutes prescribes the powers and duties of the Attorney General, but no one of the twelve specifications therein contained covers or includes the power to prosecute a suit in equity against a corporation for its dissolution or a forfeiture of its charter. The twelfth specification of duties is "to attend to and perform any other duty which may, from time to time, be required of him by law." In *Hunt* v. *Chicago Dummy Railway Co.* 20 Bradw. 282, it was held by the Appellate Court that the Attorney General, in addition to the powers conferred on him by the statutes, may exercise the powers belonging to that office at the common law, and that it was a part of the common law duty of the Attorney General to institute proceedings, by information in chancery, to restrain and abate public nuisances and purprestures, and when said case was before this court, (121 Ill. 638,) we adopted the view and the reasoning of that court upon said subject. In the case of *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 Ill. 520, the prior chancery suit which was sustained as a former conclusive adjudication was analogous in principle with *Hunt* v. *Chicago Dummy Railway Co. supra.* But here there is no pretense that the information in equity which is now before us was to restrain or abate a public nuisance, or a purpresture, or for accomplishing any other object for which an information in chancery would lie by the rules of the common law.

As above stated, this court, in the late case of *Chicago Mutual Life Indemnity Ass.* v. *Hunt, supra,* held that courts of equity have no jurisdiction, in the absence of statutory authority, to decree the dissolution of a corporation, for the forfeiture of its franchises, at the suit of the State or the Attorney General.

There being no power at common law to file this information, and no authority in the statutes unless it can be deduced from said section 25 of the Corporations act itself, the question arises whether it was the legislative intention to confer by that section upon the Attorney General power to bring suits in equity to dissolve corporations. No language is used in the section that expresses such intention. The apparent scope of the section is merely to provide remedies to individuals for the enforcement of private and personal rights. The State and the Attorney General already had, and still have, full and adequate remedies at law for the enforcement of forfeitures of corporate charters and franchises and the dissolving of corporations, by writs of *scire facias* and by informations in the nature of *quo warranto.* So there was no occasion for vesting the Attorney General with power to bring suits in equity, unless it was contemplated, as a matter of public policy, to impose upon the State the duty of winding up the affairs of all corporations organized under the Corporations act.

By sections 25 and 133 of chapter 73, of the Revised Statutes, entitled "Insurance," the Attorney General is authorized, in express terms, to institute and prosecute proceedings for the purpose of obtaining decrees for the dissolution of insurance companies, corporations, associations or societies, and if it had been intended that like duties and powers should devolve upon him in respect to corporations formed for pecuniary profit under the act concerning corporations, approved April 18, 1872, and in force July 1, 1872, it is to be presumed that such intention would have been expressed in that statute. Insurance companies are engaged in matters of general interest that affect the public at large, and there is good reason, there-

fore, why proceedings to wind them up and secure a distribution of their effects should be delegated and entrusted to the Attorney General. But ordinary corporations formed merely for pecuniary profit, and the distribution of their assets, are not objects and matters of solicitude to the general public, and the same reason does not obtain for committing the closing up of their affairs to the State or to the Attorney General as its representative, and so it is readily perceived why a distinction is made between companies formed under the statutes relating to insurance and companies incorporated for other and ordinary business purposes. In the very case at bar the objects of this suit in equity seem to be, to assist Watson & Perkins in the collection of a judgment of $523.02 against the appellee corporation, and to assist the North Chicago Street Railroad Company, the North Chicago City Railway Company and Adam L. Amberg in preventing a redemption by appellee of the property covered by a mortgage given to said Amberg. It was not intended by the legislature, when it enacted section 25 of the act in regard to corporations, to make either the State or the Attorney General an agent for the collection of debts or claims against corporations organized under that act.

If the theory insisted upon by counsel for appellant was adopted as the real meaning and intention of section 25, then it would result that either the duty and burden of prosecuting all suits in equity, in all of the several contingencies mentioned in the section, would devolve upon the State and the Attorney General, or else that it would be left to the Attorney General to discriminate, as between different creditors and as between different corporations, in determining in which suits in equity the State will and in which suits it will not assume the burden of prosecution. We think that it was not contemplated or intended by the legislature that either such general duty and burden should be assumed by the State, or that such discrimination should be exercised.

In our opinion the Superior Court was right in its conclusion that the Attorney General is not authorized by law to file a bill or information in equity, under section 25 of the act concerning corporations, for the purpose of dissolving a corporation for a forfeiture of its charter.

The decree is affirmed.

*Decree affirmed.*