## MORROW SHOE MANUF'G CO. v. NEW ENGLAND SHOE CO. et al.

### (Circuit Court of Appeals, Seventh Circuit. March 9, 1894.)

### No. 71.

CREDITOR'S BILL—EQUITY JURISDICTION—CORPORATIONS.

Rev. St. Ill. 1893, c. 32, § 25, which authorizes a suit in the nature of a creditor's bill to be brought against corporations in certain cases by simple contract creditors, does not give federal courts jurisdiction to entertain such a suit where the creditor has not first exhausted his legal remedy, since the equitable jurisdiction of federal courts cannot be enlarged by state legislation.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

On petition for rehearing. For former opinion, see 6 C. C. A. 508, 57 Fed. 685.

Peckham & Brown and Miller & Starr, for appellant.

Flower, Smith & Musgrave, for appellees.

A. B. Jenks and W. A. Foster, for Peabody.

BAKER, District Judge. The appellees have filed petitions for a rehearing, which they have supported by elaborate briefs. We have given their petitions and briefs attentive consideration, and find no error pointed out which would justify the court in granting them a rehearing. The grounds upon which our decision is rested are fully stated in the opinion heretofore filed, to which we still adhere, and no good purpose will be subserved by adding anything to what is there stated. The petitions of the appellees are therefore overruled. The appellant has filed a petition for a rehearing and a modification of the opinion of the court by striking out of the same the following:

"The bill fails to allege that the plaintiff had prosecuted its claim to judgment, and had issued an execution thereon, and had the same returned nulla bona. For this reason the bill is insufficient within the doctrine of Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, and Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977."

The appellant further asks that the order of the court be modified to read as follows:

"That the decrees herein entered respectively on the 28th day of April, 1892, dismissing the bill of complaint as to the defendants Gore, Prouty, and Heimerdinger, and on the 9th day of May, 1892, dismissing the said bill as to Hiram B. Peabody, be reversed at the costs of said appellees, and that sa'd cause be remanded to the court below for further proceedings not inconsistent with this opinion, and with leave to complainant to amend its b ll as it may be advised within thirty days after the judgment herein shall be certified to said court."

Counsel for the appellant insist that the suit is brought under Rev. St. Ill. c. 32, § 25, and that under this section it is unnecessary to the maintenance of the suit that the claim should have been reduced into judgment and an execution issued thereon and returned nulla bona. This section provides that:

"If any corporation, or its authorized agents shall do, or refrain from doing any act which shall subject it to forfeiture of its charter or corporated pow-

ers, or shall allow any execution or decree of any court of record, for a payment of money after demand made by the officer to be returned no property found, or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business leaving debts unpaid, suits in equity may be brought against all persons who are stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suits; * * * and courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, etc."

It is firmly settled that under this section it is not necessary to the maintenance of a suit in equity in the courts of the state that the claim of the creditor should have been reduced into judgment, and an execution issued thereon and returned nulla bona. A suit in equity may be maintained in a court of the state by a simple contract creditor, who holds neither a general nor a specific lien against a corporation which is insolvent and has ceased to do business, leaving debts unpaid, for the purpose of winding up its affairs. Mining Co. v. Edwards, 103 Ill. 472; St. Louis, etc., Min. Co. v. Sandoval, etc., Min. Co., 111 Ill. 32; Id., 116 Ill. 170, 5 N. E. 370; Alling v. Wenzel, 133 Ill. 264, 24 N. E. 551; Hunt v. Rink Co., 143 Ill. 118, 32 N. E. 525; Mellen v. Iron Works, 131 U. S. 352, 9 Sup. Ct. 781. As a general rule, where a new right is created by the statute of a state, the federal courts will take cognizance of it, and will enforce it according to their methods of procedure. Whether it will be enforced at law or in equity depends upon its character. When it is remedial in its nature and essentially of an equitable character, it will be enforced on the equity side of the court. Gormley v. Clark, 134 U. S. 338, 10 Sup. Ct. 554; Davis v. Gray, 16 Wall. 221; Case of Broderick's Will, 21 Wall. 503; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495; Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129. But every new right of an equitable nature created by the statute of the state is not necessarily enforceable in the federal courts upon the same facts and under the same circumstances as in the courts of the state. If the new right is one not within the recognized equitable jurisdiction of the federal courts, it cannot be enforced by such courts in equity, although the statute of the state has declared that the new right shall be enforced in equity. The jurisdiction of the federal courts as courts of equity cannot be enlarged by state legislation. New equitable rights which fall within their accustomed jurisdiction can alone be enforced by the federal courts in equity. The case of Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, is decisive of this question. The court there say:

"The plaintiffs were simple contract creditors of the company. Their claims had not been reduced to judgment, and they had no express lien by mortgage, trust deed, or otherwise. It is the settled law of this court that such creditors cannot come into a court of equity to obtain a seizure of the property of their debtor, and its application to the satisfaction of their claims, and this notwithstanding a statute of the state may authorize such a proceeding in the courts of the state. The line of demarkation between equitable and legal remedies in the federal courts cannot be obliterated by state legislation. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977; nor is it otherwise in case the debtor is a corporation, and an unpaid stock subscription is sought to be reached. Tube

Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165; Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691."

It is further contended by the appellant that a corporation debtor does not stand on the same footing as an individual debtor; that, while the latter has absolute dominion over his own property, an insolvent corporation is a mere trustee, holding its property for the benefit of its creditors and stockholders, and that a federal court of equity may entertain jurisdiction to wind up its affairs in a suit brought by a simple contract creditor. This contention is declared in the above-cited cases to be at war with the notions which were derived from the English law with regard to the nature of corporate bodies.

"A corporation is a distinct entity. Its affairs are necessarily managed by officers and agents, it is true; but in law it is as distinct a being as an individual is, and is entitled to hold property, if not contrary to its charter, as absolutely as an individual can hold it. Its estate is the same, its interest is the same, its possession is the same. Its stockholders may call the officers to account, and may prevent any malversation of funds or fraudulent disposal of property on their part. But that is done in the exercise of their corporate rights, not adverse to the corporate interests, but coincident with them. When a corporation becomes insolvent, it is so far civilly dead that its property may be administered as a trust fund for the benefit of its stockholders and creditors, and a court of equity, at the instance of the proper parties, will then make those funds trust funds which, under other circumstances, are as much the absolute property of the corporation as any man's property is his." Graham v. Railroad Co., 102 U. S. 148, p. 160.

Under the settled law applicable to the federal courts, a simple contract creditor is not a proper party to invoke the aid of a court of equity to make the corporate funds trust funds, and to wind up the affairs of an insolvent corporation, unless the ordinary jurisdiction of the court has been enlarged by legislative authority. The jurisdiction of the court below had not been so enlarged, and it cannot be supported by an appeal to the state legislation in question. For these reasons the petition of the appellant for a rehearing is overruled. It was determined by the court, and so announced, that, as the appellant had committed the first material error, the cause would be reversed at its cost. By mistake or oversight, the order as entered adjudged the costs against the appellees. The order of reversal heretofore entered will be so far modified as to adjudge the costs against the appellant, and in all other respects it will stand approved.