## In re CLINTON CO.

### GOLDMAN v. McKEY.

(Circuit Court of Appeals, Seventh Circuit. January 25, 1923.)

No. 2963.

1. Corporations ⬥609—Court of equity without jurisdiction in stockholder's suit to decree dissolution, under statute warranting such relief to creditors.

Corporation Act Ill. § 25, providing for the dissolution and winding up of the affairs of a corporation and appointment of a receiver, specifies relief as in case of a creditors' bill, and is designed to aid creditors in the collection of their debts, and under such section the court has no jurisdiction of a suit in equity by a stockholder to decree dissolution or appoint a receiver.

2. Corporations ⬥609—Intervention of creditor insufficient to confer jurisdiction of dissolution proceedings brought by stockholder.

Where court had no jurisdiction in equity in a stockholder's suit for receivership and dissolution, leave granted to an intervening creditor to file petition in intervention, and the filing of such petition without any subsequent proceeding by such intervening creditor, does not give the court jurisdiction, under Corporation Act Ill. § 25, as a creditors' suit for dissolution.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Petition by Jacob Goldman, receiver, to revise an order approving and confirming the report of the special master that Frank M. McKey, trustee, was entitled to the possession of property of the Clinton Company, bankrupt. Petition to revise dismissed, and order affirmed.

Lewis F. Jacobson, of Chicago, Ill., for petitioner.
Clarence J. Silber, of Chicago, Ill., for respondent.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. This cause is here on petition to review and revise an order of the District Court approving and confirming the report of the special master to whom had been referred the petition of respondent trustee under bankruptcy proceedings, commenced March 10, 1920. On a bill filed in the circuit court of Cook county, Illinois, that court on September 5, 1918, appointed Goldman, the petitioner herein, receiver for the Clinton Company, the bankrupt, and directed that the property be turned over to the receiver, which was done. The report of the special master found that the trustee in bankruptcy is entitled to the property, and the order of the court approving the report directed the receiver to turn the property over to the trustee within 20 days.

[1] The trustee contends that the circuit court of Cook county was without jurisdiction to appoint the receiver, because the bill was brought by a stockholder, and not a creditor of the corporation. That this bill failed to allege facts which would give that court jurisdiction

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

we think is clear under the settled law of Illinois. Section 25 of the Corporation Act of Illinois (Hurd's Rev. St. 1921, c. 32), which provides for the dissolution and winding up of the affairs of a corporation and appointment of a receiver, specifies relief as in case of a creditor's bill, and is designed to aid creditors in the collection of their debts, and such is the interpretation placed thereon by the Illinois courts. Butler Paper Co. v. Robbins, 151 Ill. 588, at page 620, 38 N. E. 153; Hunt v. LeGrand Roller Skating Rink Co., 143 Ill. 118, 32 N. E. 525; People v. Weigley, 155 Ill. 491, 40 N. E. 300; Coquard v. National Linseed Oil Co., 171 Ill. 480, 49 N. E. 563; Blanchard Bro. & Lane v. S. G. Gay Co., 289 Ill. 413, 124 N. E. 616. No facts were shown in the aforesaid stockholder's bill that would warrant a court of equity to decree dissolution of the Clinton Company and appoint a receiver. In the absence of statutory authority the Illinois courts have no jurisdiction to decree dissolution of a corporation or to appoint a receiver for that purpose; and where statutory authority is given it must be strictly complied with.

[2] But the receiver attempts to justify his possession on behalf of the circuit court of Cook county by referring to an intervening petition filed in the aforesaid stockholder's suit by the Miller Mutual Casualty Company, a creditor of the Clinton Company. While the record shows that the circuit court of Cook county gave leave to the Miller Mutual Casualty Company to file the intervening petition, and while the record also shows that the intervening petition was filed in the office of the clerk of said court, there is no record of any subsequent proceeding in which the contents of the intervening petition was called to the attention of the circuit court, and of course no record showing any action upon the intervening petition in the way of appointing Goldman as receiver on behalf of the creditors or confirming his prior appointment under the stockholder's bill and extending the appointment to action in behalf of creditors under the intervening petition. Therefore the only authority of the state receiver must be based upon the original stockholder's bill; and inasmuch as that conferred no jurisdiction upon the circuit court of Cook county to appoint a receiver, the order of the District Court directing the state court receiver to turn over the property to the trustee in bankruptcy was entirely correct.

Some fear is expressed by counsel for Goldman that in complying with the order to submit a full accounting of the assets of the bankrupt which came into Goldman's possession, he will not be permitted to have credit for expenses and services in protecting and handling the assets. We interpret the order for the accounting as intending that Goldman may take credit in his account for all items for which he may legally or equitably be entitled to credit.

The order of the District Court is approved and the original petition to review and revise is dismissed for want of merit.