**Lanzit Corrugated Box Company et al.**
On appeal of **Michael Gidwitz and Jacob Gidwitz,**
**Appellants, v. Lillian Cohn and Maurice A.**
**Barancik, Appellees.**

### Gen. No. 30,101.

1. APPEAL AND ERROR—*one cannot assign error for another party.* An appellant cannot assign alleged error for another party to the record.

2. ATTORNEYS AND COUNSELORS—*rebuttal of presumption of authority.* Presumption that attorney who entered his appearance for a corporation was retained for that purpose could be repelled by undisputed facts set forth in an affidavit.

3. CORPORATIONS—*dissolution in equity.* Courts of chancery are without jurisdiction to decree dissolution of a corporation except in so far as that jurisdiction is conferred by statute.

4. CORPORATIONS—*dissolution and receivership.* Remedy provided by Cahill's St. 1925, p. 622, ch. 32, secs. 53, 54, relating to dissolution and receivership, has application only to insolvent corporations in favor of creditors.

5. CORPORATIONS—*stockholders' rights to dissolution and receivership.* Cahill's St. 1925, p. 622, ch. 32, secs. 53, 54, do not give stockholders of a corporation right to dissolution and receivership where corporation is solvent simply because there is equal ownership of stock and a resultant deadlock in election of directors.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Affirmed. Opinion filed October 6, 1925.

EDWARD J. KELLEY, for appellants.

MOSES, KENNEDY, STEIN & BACHRACH, for appellees; HAMILTON MOSES, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal by Michael Gidwitz and Jacob Gidwitz, two of the original complainants in a bill of equity, from a decree dismissing the bill for want of equity upon a demurrer thereto filed by defendants, appellees, after the bill had been dismissed as to a third complainant, the Lanzit Corrugated Box Company.

Error is assigned by appellants not only as to dismissal of the bill as to them but as to said company. The company did not appeal, and it is settled practice that an appellant cannot assign error for another party to the record.

But the order was proper, it appearing affirmatively without question, partly by the bill and partly by affidavit, that the suit was being prosecuted in the name of the company without lawful authority. It appeared that its secretary had no authority, by

virtue of his office or by implied or express delegation, to sign the bill or institute the suit, and any presumption that the attorney who entered his appearance for the company was retained for that purpose was repelled by the undisputed facts set forth in the affidavit. (*Bell v. Farwell,* 189 Ill. 414.)

With the company eliminated as a party, the bill becomes one in which two of its stockholders seek in effect the dissolution of a solvent corporation. The bill asks for the appointment of a receiver *pendente lite* to conduct the business of the corporation and that its assets be sold and the proceeds be used first to pay the creditors and then in distribution to the stockholders, and for an injunction restraining defendants from injuring the corporation or its business. From the averments of the bill it would appear that the corporation is still functioning, and that it is solvent and "a successful dividend paying concern."

The occasion for filing the bill is found in the facts that difference and a "deadlock" have arisen between complainants, who own half of the company's stock, and defendants, who own the other half. The directors are complainant, Michael Gidwitz, and defendant, Lillian Cohn, the widow of Charles Cohn, who at the time of his death was the third director and president. The deadlock has arisen from the failure to fill the vacancy caused by his death, complainants being unwilling to elect another member of the Cohn family as director and president of the corporation, and defendants unwilling to elect another member of the Gidwitz family to such positions. It is alleged that such condition "may develop to such extent as to cause injury to persons extending credit to the corporation."

It is further alleged that defendants have entered into a conspiracy, which, from the averments, consists mainly in demanding an examination of the corporation's books, papers, vouchers, etc., at a time and

in a manner alleged to be "embarrassing" to the conduct of the business and "unreasonable," and in Lillian Cohn's revoking the authority she gave as a director to pay Michael Gidwitz a salary of $12,000 a year and in defendants' informing the bank, where the company keeps its deposit account, of that fact. The alleged object of the conspiracy seems to be either to force complainants to sell a portion or all of their stock or to secure a place for defendant Barancik in the corporation. But we fail to see in the facts constituting the alleged conspiracy any ground for equitable relief.

In view of such deadlock and conditions it is alleged that the corporation can no longer "properly" function, although it is admittedly functioning, and that "said condition *may* be detrimental not only to the stockholders of this corporation but to *possible* creditors of the corporation," and that as it would be "impossible" for either party to buy the stock interest of the other, the only possible way to remedy the conditions is to have the corporation managed by the court and sold at public sale and the proceeds used as above stated.

Viewing the bill of complaint as one seeking the dissolution of the corporation, it was repugnant to the demurrer, first, because, as said in *People v. Weigley,* 155 Ill. 491: "It is well settled by the decisions of this court as well as the authorities generally, that courts of chancery are without jurisdiction to decree the dissolution of corporations, except in so far as that jurisdiction is conferred by statute." (See also, *Coquard v. National Linseed Oil Co.,* 171 Ill. 480-485; *Lincoln Park Chapter v. Swatek,* 204 Ill. 229; *Blanchard Bro. & Lane v. S. G. Gay Co.,* 289 Ill. 413, 420; *Abbott v. Loving,* 303 Ill. 154; *Goldman v. McKey,* 288 Fed. 829; *Tressler v. Union Fuel Co.,* 238 Ill. App., *post.*) Most of these cases were decided with reference to the remedy furnished by section 25, ch. 32, of the Illinois Stat-

ute, which is similar to sections 53 and 54, ch. 32, of the present Illinois Corporation Act (Cahill's St. 1925, p. 622). That remedy, however, is in favor of creditors only, and has application only to insolvent corporations. (See *People v. Weigley, supra.*) The bill fails to allege either that the corporation has creditors, or that it is insolvent. On the contrary, its averments clearly indicate that it is solvent.

Section 54 of the present Corporation Act provides: "Courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor * * *."

Like language is found in section 25 of the former Act. The words "good cause shown," as there used, have been defined to be "the doing or refraining from doing some act which shall subject the corporation to a forfeiture of its charter or corporate power," etc. (*Bixler v. Summerfield,* 195 Ill. 152; *Abbott v. Loving,* 303 Ill. 154, 167.) It is clear from what was said in the last two cited cases that the alleged facts in the bill of complaint do not bring this case within the causes which will authorize a court of equity to dissolve a corporation or close up its business, or appoint a receiver. None of its alleged facts constitutes the "doing or refraining from doing some act which shall subject the corporation to a forfeiture of its charter or corporate power."

A dissolution is not effected by the failure to elect a director to fill the vacancy or to hold annual meetings. The statute expressly so provides. (Section 43, ch. 32, Cahill's St. 1925. See also *Town of Mendota v. Thompson,* 20 Ill. 197; *People v. Wren,* 5 Ill. 269, and Cook on Corporations, vol. 2, 6th Ed., p. 1777.) And where a corporation is functioning mere dissatisfaction of its stockholders, in the absence of fraud or insolvency, or mere disagreements among its directors will not authorize or justify the appointment of a receiver. (Pomeroy's Eq. Jur., vol. 4, 4th

Ed., ¶ 1545; L. R. A. 1918 D, pp. 229, 232; *Sternberg v. Wolff* [N. J.], 42 Atl. 1078, 1079.)

The authorities cited by appellants do not conflict with those views. We think, therefore, there was no error either in the order dismissing the company out of the case, or in dismissing the bill for want of equity.

*Affirmed.*

GRIDLEY and FITCH, JJ., concur.