## Herrin Supply Company et al., Appellees, v. Freeman Coal Mining Company, Appellant.

Opinion filed November 7, 1929.

CHARLES E. FEIRICH, for appellant.

LEON A. COLP, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellees filed a bill in which they averred that they are creditors of appellant; that appellant is heavily in debt and is insolvent and has ceased doing business. None of appellees are judgment creditors. The prayer of the bill is that a receiver be appointed to take charge of all of the property and assets of appellant; that he be given authority to sue in all courts and do all things necessary to the conduct and management of appellant's business and property until such time as the lawful stockholders, as shall be determined by the Supreme Court, shall elect officers and directors of said company and until such officers and directors qualify and are able to conduct, manage and control the business and affairs in such a way as to protect the creditors of the company from loss and waste of its assets. Or in the event such stockholders refuse or neglect to elect officers and directors or in case such officers and directors so chosen fail or refuse to so manage, conduct or control the business, property and affairs of the company in such manner as to protect the property and assets

from loss and waste, then upon a final hearing, the business of the Freeman Company be closed up and the receiver do all things necessary to the closing up of its business and affairs.

This appeal is from an order appointing a receiver. Courts of equity can appoint receivers of corporations only when expressly authorized by statute. They have no general power to make such appointments; *Burton v. Freeman Coal Mining Co.,* 254 Ill. App. 213. The only power given to courts of equity by a statute to appoint a receiver in a case of this kind is section 54 of the Corporations Act, Cahill's St. ch. 32, ¶ 54. That section provides that courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor who shall have authority, etc.

The "good cause" for dissolving a corporation and appointing a receiver is necessarily a legal cause, for which the State may by law resume the franchise granted. It cannot be presumed that the legislature intended, by the language of this section, to authorize a decree forfeiting the corporate franchise for causes for which the State might not procure judgment of forfeiture at law; *Wheeler v. Pullman Iron & Steel Co.,* 143 Ill. 197; *People v. Weigley,* 155 Ill. 491–504; *Bixler v. Summerfield,* 195 Ill. 147–152; *Abbott v. Loving,* 303 Ill. 154–167.

It is quite apparent from the averments and the prayer of the bill, that the ultimate relief sought is a dissolution of the corporation. This is evident from the prayer that the business of the Freeman Company be closed up and the receiver do all things necessary to the closing up of its business and affairs. In *Steenrod v. Gross Co.,* 334 Ill. 362 the court said: "The relief sought by the bill in this case was the settlement of the affairs of the corporation, the application of its assets to the payment of its debts, and, after the payment of

its debts, the winding up of its affairs and the distribution of its assets among its stockholders. The appointment of a receiver was a mere incident to that relief to enable the court to take possession of the property and business of the company and finally wind up its affairs. The court had no general equity powers in the case. It was without jurisdiction, under the statute, to grant the ultimate relief prayed by the bill, had no power to appoint the receiver and order him to take possession and control of the assets, and being wholly without jurisdiction in the case its orders were void.''

We are of the opinion that the same situation exists in the case at bar. The bill does not aver that the appellant was doing or refraining from doing any act which would subject it to a forfeiture of its charter or corporate power. In the absence of such a showing, the court was without jurisdiction to grant the ultimate relief—the closing up of appellant's business and affairs, as prayed in the bill. The order appointing the receiver is void and the judgment is reversed.

*Reversed.*