JOHN WITTER, Appellee, *vs.* THE COUNTY COMMISSIONERS OF COOK COUNTY *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. CONSTITUTIONAL LAW—*division of governmental power by article 3 of constitution.* Article 3 of the constitution divides the powers of the government into three distinct departments,—legislative, executive and judicial,—and prohibits the exercise of any power belonging to either department by any person or collection of persons belonging to another department, except as expressly directed or permitted by the constitution.

2. SAME—*judicial power defined.* The judicial power of the government is that which adjudicates upon and protects the rights and interests of individual citizens and to that end construes and applies the laws.

3. SAME—*rule as to appointment of officer whose duties belong to judicial department.* If the powers and duties of an officer belong to the judicial department, he must either be elected by the people, as the ultimate sovereign authority of the State, or his appointment and removal must be vested in the judicial department, and his appointment cannot be delegated by the legislature to a county board nor his removal to a civil service commission.

4. SAME—*article 3 of constitution does not mean that the three departments of government shall have no connection.* The three departments aid in the administration of the government, each one performing its own functions; but article 3 of the constitution does not mean that the legislative, executive and judicial departments shall be kept so entirely separate and distinct as to have no connection with or dependence upon each other.

5. SAME—*what does not, of itself, determine whether officer's duties belong to judicial department.* The mere fact that the duties of an officer are performed in or in connection with a court

does not, of itself, determine the question whether his powers and duties belong to the judicial department.

6. SAME—*juvenile court performs a purely judicial function in hearing cases before it.* The juvenile court exercises a jurisdiction of the court of chancery which is of very ancient origin, extending to the care of the persons of infants within the jurisdiction and to their protection and education, and in the hearing of causes brought before it the juvenile court administers the parental care of the State and performs a purely judicial function.

7. SAME—*probation officers are assistants to the court in performing judicial functions.* The investigation of causes which the statute requires to be made by probation officers is the investigation of the court through such officers, and, like attorneys, masters in chancery, receivers, commissioners and referees, probation officers are assistants to the court in the performance of judicial functions, and, in addition, are practically guardians *ad litem* for the children in court.

8. SAME—*judicial power includes authority to select assistants.* The power to select officers who are to act as assistants to the court in the performance of judicial functions rests in the judicial department, and is necessary to the independent exercise of judicial power and the separation of the judicial department from the other departments prohibited from exercising its functions.

9. SAME—*proviso of the Juvenile Court act authorizing county board to appoint probation officers is invalid.* The first proviso to section 6 of the Juvenile Court act, (Laws of 1907, p. 70,) which purports to vest the power to appoint probation officers in the county board in a county having more than five hundred thousand inhabitants, is invalid as in violation of article 3 of the constitution; but after rejecting such invalid proviso there remains a complete and valid statute applicable to the whole State, by which probation officers are to be appointed by the court, to hold office during the pleasure of the court.

DUNN, C. J., and CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

FRANCIS S. WILSON, County Attorney, and WILLIAM F. STRUCKMANN, for appellants:

In *certiorari* the record to be reviewed is to be considered without reference to any evidence that may have been considered. The evidence cannot be reviewed. The rec-

ord returned by the civil service commission makes out a complete case against the petitioner. *Smith* v. *Highway Comrs.* 150 Ill. 385; *Drainage Comrs.* v. *Volke,* 163 id. 243; *Scheiwe* v. *Holz,* 168 id. 432; *People* v. *Lindblom,* 182 id. 241.

The power to appoint probation officers with compensation is not vested in the court but in the judges. The Juvenile Court act is not unconstitutional. *People* v. *Onahan,* 170 Ill. 449; *Healy* v. *People,* 177 id. 306.

The classification of counties is not unconstitutional. *People* v. *Onahan,* 170 Ill. 449.

ALBERT M. KALES, and ELMER M. LIESSMANN, for appellee:

Section 6 of the Juvenile Court act of 1907, so far as it attempts to place the appointment of probation officers in the hands of the county commissioners and the county civil service commission, is unconstitutional, because it is an attempt by the legislature to take away from the control of the judicial department of the government the selection of officers of the court representing the interests of defendants before the court, acting as receivers in chancery and also as assistants to the court in the discharge of its judicial duties.

Probation officers are, by reason of their statutory duties, (when not acting as practitioners in representing the interests of the child in court upon the hearing, or as receivers,) assistants to the court in the discharge of its judicial duties. Juvenile Court act, sec. 6; *Leman* v. *Sherman,* 117 Ill. 657; *In re Supreme Court Commission,* 37 Neb. 655; *Randall* v. *Building Ass'n,* 43 id. 876; *People* v. *Hayne,* 83 Cal. 111.

An act which so attempts to control the appointment and removal of officers of the court practicing in the juvenile court in representing the interests of defendants, and to take that control from the judicial department, is void

under article 3 of the constitution of 1870. *In re Day*, 181 Ill. 73; *State* v. *Noble*, 118 Ind. 350.

The effect of holding void that part of section 6 of the Juvenile Court act of 1907 which attempts to place the power of appointment and discharge of probation officers in the hands of the county commissioners and the county civil service commission is to leave the balance of section 6 intact, by which the power of appointment and discharge of probation officers is left, so far as Cook county is concerned, in the hands of that branch of the circuit court which is designated by the circuit court to be the juvenile court. Black on Interpretation of Laws, 96; *Dupee* v. *Swigert*, 127 Ill. 494; *People* v. *Olson*, 222 id. 117; *Myers* v. *People*, 67 id. 503; *People* v. *Munroe*, 227 id. 612; *Smith* v. *Drainage District*, 229 id. 155; *People* v. *Evans*, 247 id. 547; *Bennett* v. *State*, 93 N. W. Rep. 643.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 29, 1911, Peter Bartzen, president of the board of commissioners of Cook county, made an order suspending from the office of head probation officer of the juvenile court of Cook county the appellee, John H. Witter, who had held that office for about three years, and also filed with the civil service commission of Cook county charges against him. The charges were heard by the commission, and an order was entered on January 6, 1912, confirming the suspension and directing the discharge of the appellee from said office. On January 17, 1912, appellee filed in the circuit court of Cook county his petition for a common law writ of *certiorari*, requiring the commission to bring into court the record of said proceedings for review. The writ was ordered and return made, and it appeared that by his answer to the charges appellee alleged, among other things, that he was not under the control of

the president of the county board but was a subordinate of the juvenile court; that the suspension by Bartzen was wholly without authority of law and that the civil service commission was without power and authority to hear or consider the charges. The circuit court quashed the pro-ceedings, and the board of county commissioners and civil service commission appealed.

Section 6 of the act in force July 1, 1907, for the establishment of juvenile courts for the treatment, control, maintenance, adoption and guardianship of dependent, neglected and delinquent children, (Laws of 1907, p. 70,) provides that the court shall have authority to appoint or designate one or more discreet persons of good character to serve as probation officers during the pleasure of the court, such probation officers to receive no compensation from the public treasury. The general application of that provision is limited and qualified by two provisos, the first of which provides that in counties having over five hundred thousand population the judges of the circuit court, by rule to be entered of record, shall determine a number of probation officers, including one head probation officer, to be employed during each year, who shall be paid a suitable compensation for their services; that the judges of the court shall notify the president of the board of county commissioners or board of supervisors of the number of probation officers so determined, and the said probation officers, including the head probation officer, shall be appointed in the same manner and under the same rules and regulations as other officers or employees in the said county under the board of commissioners or supervisors. The second provides that in counties having a population of less than five hundred thousand the county judge shall have authority to designate some suitable person to act as probation officer during the pleasure of the court, and such probation officer shall be paid a suitable compensation for his services, to be fixed by the board of county com-

missioners or board of supervisors, and such board of county commissioners or board of supervisors may, if they deem it advisable, upon the recommendation of the county judge, provide for the employment of additional probation officers and fix their compensation, such additional probation officers to be appointed by the county judge. The judgment quashing the proceedings of the civil service commission states the basis of the judgment to be, that the part of the first proviso of section 6 which authorizes the county board to appoint probation officers is unconstitutional and void, as an exercise of judicial power by the commissioners.

Article 3 of the constitution divides the powers of the government into three distinct departments,—the legislative, executive and judicial,—and prohibits the exercise of any power belonging to either department by any person or collection of persons belonging to another department, except as expressly directed or permitted by the constitution. The body that deliberates and enacts laws, whether for the whole State or (by delegation) for minor subdivisions and municipalities, is legislative. The executive power is that power which compels obedience to the laws and executes them. The instrumentalities employed for that purpose are officers who are elected or appointed and who are charged with the enforcement of the laws. (*People* v. *Morgan,* 90 Ill. 558.) The judicial power is that which adjudicates upon and protects the rights and interests of individual citizens and to that end construes and applies the laws. It is that power which applies the law and adjudges in particular cases. (*Owners of Lands* v. *People,* 113 Ill. 296; *People* v. *Chase,* 165 id. 527.) The question to be determined in this case is, into which class of these different powers and duties does the office of probation officer fall? If his powers and duties belong to the judicial department, he must either be elected by the peo-

ple as the ultimate sovereign authority of the State, or his appointment and removal must be vested in the judicial department, and his appointment cannot be delegated by the legislature to the board of county commissioners nor his removal to the civil service commission. The question is not to be decided upon the mere fact that the duties of probation officers are performed in or in connection with the court. The three departments aid in the administration of the government, each one performing its different functions, and article 3 does not mean that the legislative, executive and judicial powers shall be kept so entirely separate and distinct as to have no connection with or dependence upon each other. (*Field* v. *People,* 2 Scam. 79.) It is a legislative function to provide places for holding courts and to provide for the expenses of the judicial system and the compensation of judicial officers, and the legislature may invest the board of county commissioners with the care and custody of property belonging to the county although the property is used in the exercise of judicial power by the judicial department. (*Dahnke* v. *People,* 168 Ill. 102.) A sheriff and clerk are essential to a court and to the exercise of judicial power, but the one performs executive and the other clerical duties, merely. The judicial power is exercised by the judge, with such assistants as he may lawfully have to aid him in adjudicating upon and protecting the rights and interests of individuals. The juvenile court exercises a jurisdiction of the court of chancery which is of very ancient origin, and which extends to the care of the persons of infants within the jurisdiction and to their protection and education. This court long ago declared it to be a power, which exists in every well regulated society, to see that infants within the jurisdiction of the court are not abused, defrauded or neglected, and that they shall be reared and educated under such influences as will make them good citizens, and that this power is vested in the court of chan-

cery, representing the government. (*Cowles* v. *Cowles,* 3 Gilm. 435.) The parental care of the State is administered by the juvenile court, and that court performs a purely judicial function in the hearing of causes brought before it. The infant is not brought before the court as a defendant charged with an infraction of the laws, but is brought within the jurisdiction of the court to receive its care and protection. The neglected, dependent or delinquent child ordinarily has no means to employ counsel. It would be impossible for the court to make personal investigation of each case so as to act intelligently, and it is essential that the court act only upon a thorough investigation of the facts and a consideration of every circumstance that will enable the court to enter a just decree. Accordingly it has been deemed wise to provide by statute for one or more assistants to the court under the name of probation officers. By the statute it is the duty of the clerk, if practicable, to notify the probation officer in advance when any child is to be brought before the court. It is the duty of the probation officer to make such investigation as may be required by the court; to be present in court in order to represent the interest of the child when the case is heard; to furnish to the court such information and assistance as the judge may require, and to take such charge of any child, before and after trial, as may be directed by the court. The investigation to be made by the probation officer is the investigation of the court through that officer as his assistant, by whom he performs the judicial duties and exercises judicial power. Whenever a minor is a party to a proceeding in any court it is the duty of that court to see that the minor is properly represented by guardian or next friend. Courts of chancery have always appointed guardians *ad litem* for minors who are parties to suits and controlled them by compelling performance of their duties. The probation officer is practically a guardian *ad litem* for each child brought into the court and has enlarged duties

under the statute. Like attorneys, masters in chancery, receivers, commissioners, referees, and other similar officers, probation officers are mere assistants of the court in the performance of judicial functions. The power to appoint and remove such officers is necessary to the independent exercise of judicial power and the separation of the judicial department from the other departments of the government which are prohibited from exercising its functions. The judicial power includes the authority to select persons whose services may be required as assistants to the judge in the performance of judicial duties and the exercise of judicial power. (*In re Day,* 181 Ill. 73; *State* v. *Noble,* 118 Ind. 350; *In re Mosness,* 39 Wis. 509.) Undoubtedly the legislative department may, in the legitimate exercise of legislative power, prescribe reasonable qualifications which will exclude improper persons, or may make removal from office a consequence of violation of law; but the judicial department could not be separate from the other departments of the government and free from interference in the exercise of judicial functions if it must accept its assistants from another department or a commission which makes the selection.

The first proviso singles out from all the counties of the State such counties as may have a population of over five hundred thousand and purports to turn over to the board of county commissioners or board of supervisors in such counties the power of appointment of officers and assistants of the juvenile court in the discharge of judicial duty. That provision is void because it is in conflict with article 3 of the constitution. When the invalid portion of the proviso is rejected there remains a complete and valid statute applicable to the whole State, by which probation officers are appointed by the court to hold office during the pleasure of the court, and the act, as a whole, is not affected. *People* v. *Olsen,* 222 Ill. 117; *People* v. *Munroe,*

227 id. 604; *Smith* v. *Claussen Park Drainage and Levee District,* 229 id. 155.

Peter Bartzen, as president of the county board, had no authority to suspend the appellee from office or to prefer charges against him, and the civil service commission had no authority to hear the charges or dismiss appellee from the office which he held.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting:

Had the opinion in this case held the provision of the Probation law in question unconstitutional because it was special legislation, as at present advised I should have been disposed to concur in the decision. I cannot, however, agree with the reasoning of this opinion that the probation officers, under this law, perform judicial functions. Most, if not all, of their duties, it seems to me, are ministerial or executive. Even if some duties are judicial in nature, I am not prepared to assent to the conclusion that the power of appointing such officers is vested solely in the courts. The constitution does not undertake to define what is meant by judicial power. That power has been defined, in general terms, as the one "to adjudicate upon and protect the rights and interests of individual citizens, and to that end to construe and apply the laws." (Cooley's Const. Lim.—6th ed.—109.) It should not be held to apply to cases where judgment is exercised as incident to the execution of ministerial power. (*Owners of Lands* v. *People,* 113 Ill. 296.) While official duties are, in general, classed under the three heads of legislative, executive and judicial, such classification is not exact, and the duties of many officers cannot be exclusively arranged under either of these heads. (3 Cooley on Torts,—3d ed.—p. 753.) It has been repeatedly held by this court that judicial officers can perform ministerial duties and executive officers *quasi*

256 — 40

judicial duties. If the reasoning of this opinion be carried to its logical conclusion, are not the laws authorizing the Governor to appoint public administrators and public guardians unconstitutional, as well as the law which permits a testator to name his executor? True, the public guardian, public administrator or executor is accepted and appointed by the proper court thereafter. So must probation officers be appointed by the court to investigate the special case. The conclusion that probation officers, charged with the duties of their office under the Juvenile Court act, can only be appointed by the courts, is in my judgment not required by the constitution, but, on the contrary, is not in harmony with its fundamental principles.

Mr. CHIEF JUSTICE DUNN, also dissenting.