(No. 22294.—

THE PEOPLE ex rel. Ernest Palmer, Director of Insurance, Petitioner, vs. JOHN M. NIEHAUS, Judge, Respondent.

*Opinion filed March 21, 1934—Rehearing denied April 19, 1934.*

OTTO KERNER, Attorney General, (DAVID J. KADYK, and JOHN B. HARRIS, of counsel,) for petitioner.

SHELTON F. MCGRATH, GEORGE Z. BARNES, C. R. BIR-KETT, JOSEPH F. BARTLEY, and HERBIG YOUNGE, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Leave was granted and an original petition for *mandamus* was filed in this court on December 14, 1933. The relator seeks to compel the respondent, as judge of the circuit court of Peoria county, to expunge an order entered by him appointing Charles V. O'Hern and George A. Shurtleff receivers of the Peoria Life Insurance Company. Through the Attorney General a petition had been filed in that court in the name of the People, upon the relation of Ernest Palmer, Director of Insurance. It asked that the insurance company be ordered to show cause why an order should not be entered finding that sufficient cause existed for the appointment of a receiver for that company, and why an order should not be entered dissolving the corporation and for an injunction against its officers and directors, etc. It did not ask for the appointment of a receiver. The corporation, through a resolution of its board of directors, consented to the entry of the orders prayed. After a decree was rendered granting the petition, the Director of Insurance appointed Charles V. O'Hern as receiver pursuant to section 3 of an act in relation to delinquent insurance companies, etc., approved June 26, 1925, as amended by act approved May 20, 1929. (Laws of 1925, p. 446, and Laws of 1929, p. 527, respectively.) The respondent in this *mandamus* proceeding refused to recognize the appointment of O'Hern. Instead he added to the original decree by which it was found that cause existed for such an appointment, etc., the following order now sought to be expunged: "It is hereby ordered by the court in connection with the foregoing decree and in conformity therewith, that Charles V. O'Hern and George A.

Shurtleff are hereby appointed receivers of Peoria Life Insurance Company, a corporation, under bond of $100,000, as provided in the previous decree." This case is before us on a demurrer to the answer of the respondent to the petition for *mandamus*.

The question for determination is, Did the respondent have jurisdiction—*i. e.*, power to enter such an order of appointment in face of the statutory provision that the appointment should be made by the Director of Insurance? If the respondent had jurisdiction and power to enter such an order no citation of authority would be required to support the rule of law that *mandamus* would not lie. If he did not have the power to enter such an order and exceeded his jurisdiction the writ must be awarded. It would be no defense that the order of appointment might be reviewed by appeal or writ of error, for *mandamus* need not be the sole remedy available.

In support of the assumption that this order was valid, the respondent says that express statutory authority was not essential to a valid appointment of receivers, because he had jurisdiction of the parties and of the subject matter of the suit and power to decree the ultimate relief sought. He also contends that he did not exceed the power given him by the statute. In connection with this he cites section 11 of the Insurance Liquidation act, (Smith's Stat. 1933, chap. 73, par. 503*b*,) which is as follows: "The mode of summoning parties into court, rules of practice, course of procedure, and powers of the court, in all cases arising under this act, shall be the same as in ordinary proceedings in equity in this State, and as by law provided." The respondent also relies upon paragraph 97 of chapter 37, (Smith's Stat. 1933, p. 934,) which empowers circuit courts to make and award such judgments, decrees, orders and injunctions as may be necessary or proper to carry into effect the powers granted to them, and upon section 1 of chapter 22, (Smith's Stat. 1933, p. 248,) which

provides: "That the several circuit courts * * * in all causes of which they may have jurisdiction as courts of chancery, shall have power to proceed therein according to the mode hereinafter prescribed; and where no provision is made by this act, according to the general usage and practice of courts of equity." It is further contended that jurisdiction to dissolve a delinquent or insolvent insurance company is expressly conferred on circuit courts by sections 2 and 3 of the Insurance Liquidation act.

If the Insurance Liquidation act of 1925 as amended in 1929 (Smith's Stat. 1933, chap. 73, pars. 495-503e, incl.) were silent and made no provision for the appointment of any officer to conduct the business of liquidation, more weight might be given this contention, but section 3 of the act (par. 497) provides: "On the return of such order to show cause, and after a full hearing, the court shall enter an order either denying the application or finding that sufficient cause exists for the appointment of a receiver to take possession of and conduct the business of such company until the further order of the court having jurisdiction in the premises. And in case such order showing cause for such appointment shall be made, the director shall thereupon appoint some competent person * * * as such receiver." In addition to this, it must be recalled that no prayer for the appointment of a receiver was contained in the petition filed in the circuit court over which the respondent presided, which rendered the decree showing that cause did exist for such appointment, and, moreover, for the dissolution of the insurance company.

In a similar case under the Banking act, where the provision is that the receiver of an insolvent bank shall be appointed by the Auditor of Public Accounts, the circuit court appointed a receiver not prayed for by the bill. In that case (*People* v. *Shurtleff*, 353 Ill. 248,) we said: "Courts of chancery have no general power to appoint receivers for corporations and can appoint them only when

expressly authorized by statute. (*Coquard* v. *National Linseed Oil Co.* 171 Ill. 480, and other cases.) * * * It is entirely competent for the legislature to provide by statute for the dissolution of a corporation at the suit of an individual, * * * but it is also the rule that without statutory authority a court of chancery has no jurisdiction to decree the dissolution of a corporation. (*Hunt* v. *LeGrand Roller Skating Rink Co.* 143 Ill. 118; *Chicago Mutual Life Indemnity Ass'n* v. *Hunt,* 127 id. 257.) 'A court of chancery can be specially empowered by statute * * * to divest a corporation of its corporate character and capacity, otherwise in all cases the mode of proceeding to enforce a dissolution for cause of forfeiture is by *scire facias* or an information in the nature of a *quo warranto* in a court of law.' (*Baker* v. *Admr. of Backus,* 32 Ill. 79.) It was held in *Blanchard Bro. & Lane* v. *Gay Co.* 289 Ill. 413, that appointing a receiver to take possession of the assets of a corporation and distribute them is tantamount to dissolving the corporation by a decree in equity." In the same case, in discussing *Steenrod* v. *Gross Co.* 334 Ill. 262, we said: "It was said that the appointment of a receiver was a mere incident to that relief, to enable the court to take possession of the property and business of the company and finally wind up its affairs. The court had no general equity powers in the case. It was without jurisdiction at the suit of creditors, except possibly for fraud, to grant the ultimate relief prayed by the bill or to appoint a receiver and order him to take possession and control of the assets, and being wholly without jurisdiction in the case its orders were void." See, also, *Wallace* v. *Pierce-Wallace Publishing Co.* 101 Iowa, 313, and *Vila* v. *Grand Island Electric Light Co.* 68 Neb. 222.

A court of equity has no peculiar jurisdiction over corporations where no fraud or breach of trust is alleged as a foundation for a claim for equitable relief. It cannot, in the absence of express statutory authority to do so,

appoint a liquidating receiver for an insolvent insurance company and buttress such appointment by a claim of authority bottomed on statutory jurisdiction to supervise and check the acts and doings of a receiver whose appointment the statute gives to an executive officer of the State, and the statutory power to hear and decide claims against such insolvent company, merely because the statute provides that the proceedings shall be in accordance with the ordinary rules of chancery procedure.

In the case of *In re Casualty Co. of America,* 244 N. Y. 442, 155 N. E. 735, the Court of Appeals, speaking through Chief Justice Cardozo, clearly depicts the cause of the enactment of the Illinois Insurance Liquidating act of 1925. He said: "The system of liquidation by receivers specially appointed had proved to be dilatory and wasteful. The legislature substituted administration by a department of the government." Our Insurance Liquidation act is patterned closely after that of New York. Prior to 1925 the method of liquidating and dissolving an insolvent insurance company was set out in sections 5 and 6 of an act with reference to the dissolution of insurance companies, approved February 17, 1874. This method required the appointment of a receiver by a court of equity upon the application of the insurance superintendent, stockholder or a creditor. The receiver had full power to collect and distribute the assets, and his compensation was determined by the court. He was in every sense an officer of the court.

A radical change was effected in the law with reference to the liquidation of insolvent insurance companies by the 1925 act. By it the administration of the affairs of an insolvent insurance company became vested in an executive officer of the State rather than in a receiver appointed by a court. The duties which formerly devolved upon a receiver in collecting and disbursing the assets of a defunct company were imposed upon an official of the

executive department of the government, subject, however, to a limited supervision by a court of equity. By the amendment of the 1925 act, which was made in 1929, these duties were shifted from the Director of the Department of Trade and Commerce to a liquidating receiver appointed by the Director of Insurance, with the same limited powers of supervision remaining in courts of equity. But, as before the amendment, the powers of the liquidating officer arose out of the statute and were in no sense created by virtue of any appointment of the court. The act gives him title to the assets of the insolvent company, and, contrary to the ordinary chancery receiver, this ownership and his powers are recognized in foreign jurisdictions. This had to be provided for by the legislature for the plain reason that insurance companies ordinarily do business in several States of the Union and quite often in foreign countries. The court cannot remove that officer or control his acts contrary to the statute. It acts only within the scope defined by the terms of the statute. Section 3 of the Insurance Liquidation act of 1925 gives the court no right to appoint a receiver but compels it to recognize and accept the receiver appointed by the Director of Insurance, just as the Banking act requires the court to recognize and accept the receiver appointed by the Auditor of Public Accounts for a defunct bank. (*People* v. *Shurtleff, supra.*) It is contended, here, that these two acts differ. The differences are in mere matters of detail and the principles involved in both acts are strikingly similar. It is useless to search out the slight variations or to enumerate the points of similarity. By both acts the legislature sought to avoid difficulties and complications attending the appointment of receivers by courts.

We have shown that the respondent had no general equity powers, no implied powers and no express statutory power to appoint receivers for the insolvent Peoria Life Insurance Company.

But it is said by the respondent that the Insurance Liquidating act of 1925, as amended in 1929, violates article 3 of the State constitution by delegating to the executive department a judicial function. In the absence of statute no judicial power existed to appoint a liquidating officer for an insolvent insurance corporation. Counsel for the respondent rely firmly on what was said in *People* v. *Marquette Fire Ins. Co.* 351 Ill. 516. The only question there involved was the right of the supervising court to determine and order paid proper fees to the solicitor for the receiver of that company. What was said with reference to a receiver of an insolvent insurance company being a judicial officer was not necessary to the decision and is not adhered to in this case. To effect the purpose of the legislature the director had power to incur such expenses, including solicitors' fees, as were reasonably necessary to the performance of his duties, subject always to the statutory supervision of the court, and the court had authority to pass on and determine their reasonableness and to order payment out of the assets of the company.

What was said in *Witter* v. *Cook County Comrs.* 256 Ill. 616, had to do with receivers appointed by courts and had nothing to do with the class of officers contemplated by this statute. Nothing there said had any reference to a case where the primary object sought was the appointment of a statutory liquidating officer, or where it was sought to dissolve a corporation or sequestrate its property and wind up its affairs under statutory authority like that invoked in the present case. The statute here involved makes the receiver an executive or administrative officer and not a judicial officer. In the case of *Missouri State Life Ins. Co.* v. *Hall,* 52 S. W. (2d) 174, the same question was presented, viz., whether the liquidation of an insolvent insurance company is administrative or judicial. In its decision the Missouri court said: "The legislative power

to authorize, supervise, regulate and liquidate insurance companies rests on the interests of the public in the insurance business. * * * The State may through legislative officers supervise and regulate insurance companies in aid of solvency. If so, it has the power to protect those interested in the event of insolvency. It is a valid exercise of the police power through administrative officers."

It is clear, therefore, that while jurisdiction is conferred upon circuit courts to try claims against an insolvent insurance company and to pass upon the charges and allowances to be made out of the assets of such companies, yet this act does not make a liquidating receiver of an insolvent insurance company a judicial officer. This is the view that was taken by Justice Cardozo as expressed in his discussion of the changes effected in the law relative to insolvent insurance companies, contained in the decision in the case of *In re Casualty Co. of America, supra.* But it was pointed out in *People* v. *Shurtleff, supra,* that if the act there questioned were held to be unconstitutional because it permitted an executive officer to appoint a judicial officer this would not avail the respondent, for it gave him no authority to make the appointment. His order was void because he had exceeded his authority in making it. We hold that no constitutional provision was contravened by this act, which empowered an executive officer to appoint the receiver to liquidate an insolvent insurance company, under judicial supervision.

There is no merit in the contention that *mandamus* will not lie in this case, because it is claimed that no beneficial effect would be accomplished and no useful purpose would be served if the writ were awarded. Quite the contrary is true.

The last contention to be considered is that the order of the respondent was erroneous and not void, and that *mandamus* will not lie to expunge an erroneous order, no matter how erroneous it may be. In *Armstrong* v. *Obu-*

*cino,* 300 Ill. 140, speaking through Justice Cartwright, we said: "The statement has very frequently been made that where a court has jurisdiction of the parties and the subject matter, its decree, however erroneous, can only be attacked on appeal or error. But the rule is subject to an exception equally well settled—that a decree may be void because the court has exceeded its jurisdiction. The bill prayed for the enforcement of the lien by a sale beyond and contrary to the powers given by the statute for enforcing mechanics' liens, and it does not follow that because the court had acquired jurisdiction of the parties and of the subject matter it could make such a decree as was prayed for. Courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached wherever rights claimed under them are brought in question. The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it. (*Windsor* v. *McVeigh,* 93 U. S. 274; *United States* v. *Walker,* 109 id. 258; *Rogers* v. *Dill,* 6 Hill, 415; *Folger* v. *Columbian Ins. Co.* 99 Mass. 267; *Fithian* v. *Monks,* 43 Mo. 502; *Seamster* v. *Blackstock,* 83 Va. 233; *Anthony* v. *Kasey,* id. 338; *Charles* v. *White,* 214 Mo. 187.) Where a court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law the decree is void, and the sale based thereon is likewise an absolute nullity. (16 R. C. L. 7.) One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment."

From the views expressed it is clear that by the order appointing two receivers for the Peoria Life Insurance Company, Charles V. O'Hern and George A. Shurtleff, the respondent, as judge of the circuit court of Peoria county, acted without jurisdiction, in contravention of the statute's plain and express terms; that the legislature did not contravene article 3 of the constitution of Illinois by authorizing the Director of Insurance, alone, to appoint a receiver to liquidate an insolvent insurance company; that the respondent exceeded his authority, and that the order is void.

The writ of *mandamus* is therefore awarded as prayed, and the respondent is directed to expunge that part of the order of November 15, 1933, as hereinabove set forth.

*Writ awarded.*

Mr. Justice Jones, specially concurring:

I concur in the above opinion in all respects, except that portion of it which holds that a correct conclusion was reached in *People* v. *Marquette Fire Ins. Co.* 351 Ill. 516. The sound reasoning contained in the opinion now before us seems to demonstrate that the conclusion reached in the *Marquette Fire Ins. Co. case* was not correct.

Mr. Justice Stone, because of personal interest in the insurance company in receivership, took no part in the consideration of this case.

Mr. Justice DeYoung, specially concurring:

The court declares in the foregoing opinion that the question for determination is whether the respondent had the power to appoint receivers of the Peoria Life Insurance Company in the face of the statutory provision that the appointment of a receiver of such a company should be made by the Director of Insurance. After deciding in the negative the sole question presented, the court proceeds to declare, among other things, that the applicable statute

makes the receiver an executive or administrative, and not a judicial, officer; that adherence to what was said in *People* v. *Marquette Fire Ins. Co.* 351 Ill. 516, with respect to the status or character of the receiver of an insolvent insurance company is withdrawn; that the circuit court exercises a limited supervision over such a receiver and that it has jurisdiction to try claims against an insolvent insurance company and to pass upon the charges and allowances to be made out of the assets of such a company. Neither the question whether the receiver of an insolvent insurance company is an executive, administrative or judicial officer and the scope of the circuit court's supervision over him, nor the extent of the court's jurisdiction in an appropriate proceeding for the liquidation of an insolvent insurance company was presented for decision in this case.

It is an accepted principle that a court may not speak authoritatively upon questions not involved in the litigation. This restrictive principle is salutary for expressions of opinion upon extraneous matters necessarily lack binding force. It will be proper to consider the questions upon which unnecessary pronouncements have been made by the majority only after those questions have been argued and their decision is essential to a disposition of the case.

The opinion filed is based upon the act in relation to delinquent insurance companies, associations and societies (Cahill's Stat. 1933, p. 1603; Smith's Stat. 1933, p. 1707). Recourse to that act exemplifies the danger of the wide range taken by the majority of the court. Section 2 of the act requires the Attorney General, for any of the enumerated causes reported by the director, to apply to the circuit court of the county in which the principal office of the particular insurance company is located, for an order directing the company, upon such notice as the court may prescribe, to show cause why a receiver should not be appointed to take possession of its property and to conduct its business, and for such other relief as the nature of the

case and the interests of its policyholders, creditors, members, stockholders or the public may require.

Section 3 provides that on such application, or at any time thereafter, the court may, in its discretion, issue an injunction restraining the company, its officers, agents and employees, from the transaction of its business or the disposition of its property. The court may also issue other injunctions to conserve the company's property and to prevent preferences, judgments, attachments or other liens thereon. Upon the return of the order to show cause, and after a hearing, the court is required to enter an order denying the application or finding that sufficient cause exists for the appointment of a receiver to take possession of the company's business and to conduct it until the further order of the court. In case an order showing cause for such appointment is made, the director shall appoint some competent person, resident of the State, receiver, who shall enter into bond in such sum and with such sureties as the court shall approve. Upon his appointment and qualification, the receiver shall take possession of the company's property and conduct its business until, on the application of the director, through the Attorney General, or of such company, it shall, after a like hearing, appear to the court, that the ground for the appointment of the receiver has been removed and that the company may properly resume possession of its property and the conduct of its business.

By section 4, it is provided that, if, on like application and order to show cause, and after a hearing, the court shall order the liquidation of the business of the company, such liquidation shall be made by and under the direction of the receiver, who may deal with the property and business of the company in his own name as receiver or in the name of the company, as the court may direct. At any time after the court shall order liquidation, the director may apply for the dissolution of the company, and the court, after notice to all parties interested, a hearing and such

other procedure as the court may deem proper, for reasonable cause, shall decree a dissolution.

Section 8 provides that the compensation of the receiver, special deputies, clerks, assistants, attorneys and solicitors, and all expenses of taking possession of, and conducting the business of liquidating, any such company shall be fixed and allowed by the court and shall be paid out of the funds and assets of the company. The section further provides that, for the purposes of the act, the director shall have power, subject to the approval of the court, to make and prescribe such rules and regulations as to him shall seem proper. The eleventh section prescribes that the mode of summoning parties, the rules of practice, the course of procedure and the powers of the court, in all cases arising under the act, shall be the same as in ordinary proceedings in equity and as by law provided.

The foregoing review of the provisions of the act discloses that the circuit court determines whether a receiver shall be appointed. An affirmative decision requires the court to fix the amount of the receiver's bond and to pass upon the qualifications of his sureties. The court likewise determines whether the cause for the appointment of a receiver has been removed and whether the company may resume the possession of its property and the conduct of its business. The liquidation of the company's business and the dissolution of the company are ordered only after notice and hearing and proceed as the court may direct. The compensation of the receiver and his assistants is fixed and allowed by the court. Even the power of the director to make rules and regulations may be exercised only subject to the court's approval. The powers of the court and its course of procedure, it is expressly provided, shall be the same as in ordinary proceedings in equity. Apart, therefore, from the mere appointment of a receiver of a delinquent insurance company, after the court shall have decided that such an appointment should be made, the re-

ceiver is not solely an executive or administrative officer. In the conduct of the company's business as well as in its liquidation and the dissolution of the company, if successively ordered by the court, the receiver acts subject to the court's jurisdiction and supervision, not for a limited purpose, but to the same extent as in ordinary proceedings in equity. It follows, in my opinion, that the conclusions of the majority respecting the character of the receiver and the scope of the court's supervision over him are unnecessary to the decision of the case and are unsupported by the provisions of the governing act. Accordingly, I assent only to that part of the opinion by which it is decided that the power to appoint the receiver was vested in the Director of Insurance.