(No. 22555.—

THE PEOPLE *ex rel.* Ernest Palmer, Director of Insurance, Appellant, *vs.* THE PEORIA LIFE INSURANCE COMPANY *et al.* Cross-Appellants.—(THE PEORIA MUTUAL LIFE INSURANCE COMPANY, Appellee.)

*Opinion filed July 9, 1934—Rehearing denied October 10, 1934.*

Stone, J., took no part.
DeYoung, J., dissenting.

Otto Kerner, Attorney General, (David J. Kadyk, and John B. Harris, of counsel,) for appellant; J. B. Wolfenbarger, Joe L. Johnson, George W. Hunt, and Richard H. Radley, for certain cross-appellants.

E. R. Elliott, for appellee.

Mr. Justice Shaw delivered the opinion of the court:

On November 15, 1933, the People, through the Attorney General, filed a petition in the circuit court of Peoria county upon relation of Ernest Palmer, as Director of Insurance, asking that the Peoria Life Insurance Company be required to show cause why a receiver should not be appointed for that company and why an order should not be entered dissolving the corporation. By resolution of its directors the company consented to the entry of the orders prayed and a decree was entered accordingly. Pursuant to the Insurance Liquidation act of 1925 as amended in 1929 (Laws of 1925, p. 446; Laws of 1929, p. 527;) the Director of Insurance appointed Charles V. O'Hern as receiver. Thereafter the presiding judge in the circuit court of Peoria county entered an order appointing O'Hern and George A. Shurtleff as receivers. On December 14, 1933, upon leave first had, an original petition for *mandamus* was filed in this court seeking to require the circuit judge to expunge that portion of his order appointing the two receivers, and upon final hearing the writ was awarded. (*People* v. *Niehaus,* 356 Ill. 104.) Our opinion in that case was filed on March 21, 1934, being a vacation opinion.

A petition for rehearing was thereafter filed, and the rehearing was denied on April 19, 1934.

During the time the *mandamus* proceeding above mentioned was pending in this court, the chancellor had under consideration a certain petition presented by the above named George A. Shurtleff seeking the approval of a plan whereby all of the assets of the Peoria Life Insurance Company would be turned over to a new corporation known as the Peoria Mutual Life Insurance Company then in process of organization, which plan, in substance, required the newly formed or to be formed company to re-insure all of the outstanding life insurance contracts of the Peoria Life Insurance Company upon a certain scaled-down or policy-lien basis. It required the two receivers, O'Hern and Shurtleff, to turn over to the new company approximately one million dollars in cash, securities and mortgages, together with all of the real estate and other assets of the Peoria Life Insurance Company, and permitted the use of $200,000 of this sum for the purpose of providing the new mutual company with such a guaranteed capital and surplus as to enable it to be licensed to transact business in Illinois. The provisions of the plan are complicated, and it is sufficient to point out that the organizers of the new company were not required to either invest or risk any capital, receiving everything substantially as a gratuity. Its consummation would leave neither the receiver appointed by the Director of Insurance, nor the officers, directors or stockholders of the Peoria Life Insurance Company, any property or any further duties.

On April 16, 1934, after our opinion in *People* v. *Niehaus, supra,* had been filed, and five days before the petition for rehearing was denied, the chancellor, being at that time unable to be present in court in person, signed and sent to the clerk a decree which was not in accord with the views of this court in the *mandamus* suit, on which a final mandate was only temporarily stayed pend-

ing the disposal of a petition for rehearing. Disregarding our expressed opinion that the only receiver authorized to deal with this estate was the appointee of the Director of Insurance, the decree recognized the two receivers previously appointed in what we had held to be a void order and directed those two receivers to carry into effect the so-called Shurtleff plan above outlined. The effect of this was to complete the immediate liquidation of the Peoria Life Insurance Company by order of court instead of under the direction of the receiver, as required by the Insurance Liquidation act, thus instantly depriving the stockholders of that company of all hope or possibility of any salvage from its assets. Its effect was to take from the executive department of government the power of liquidation conferred upon it by law, and its further effect was to circumvent this court in the exercise of its lawful jurisdiction and powers. It is this decree which is now appealed from and before us for review.

It is first argued that no appeal lies from this decree, but this point was presented by motion and counter-suggestions before the case was called. It was decided adversely to the appellee by bench announcement at that time and needs no further consideration.

It is also urged that this court has no jurisdiction. But this contention is without merit. A franchise is involved— i. e., the corporate existence of the Peoria Life Insurance Company. A freehold is also involved as the decree transfers the fee simple title to all of the real estate owned by the Peoria Life Insurance Company. We find that we have jurisdiction of the direct appeal.

There are many apparent reasons for a reversal of this decree, among them being its obvious lack of equity toward all parties concerned. It is necessary, however, only to point out that the court had no power to enter it.

A court of equity has no general power to appoint a receiver or to decree the dissolution of a corporation. Its

jurisdiction in such matters, if it has any, must be conferred by statute and is limited to the terms of the act conferring the power. (*Steenrod* v. *Gross Co.* 334 Ill. 362; *People* v. *Niehaus, supra; People* v. *Shurtleff*, 353 Ill. 248.) Such statutory authority for the proceeding here in question as exists is to be found in the provisions of "An act in relation to delinquent insurance companies, associations and societies," approved June 26, 1925, as amended by the laws of 1929. (Cahill's Stat. 1933, p. 1603, *et seq.*) Section 2 of the above entitled act (herein referred to as the Insurance Liquidation act) provides that whenever certain conditions set forth therein exist, the Director of Insurance shall report the same to the Attorney General, whose duty it shall be to apply, upon relation of the Director of Insurance, in the name of the People, to the circuit court of the county in which the principal place of business of such company in this State is located, for an order directing such company, upon such notice as the circuit court may prescribe, to show cause why a receiver should not be appointed, as thereinafter set forth, to take possession of the property of the company and conduct its business, and for such other relief as the nature of the case and the interest of its policyholders, creditors, members, stockholders or the public may require. Section 3 provides for the issuance of an injunction against the company and its officers, for a hearing upon the rule to show cause, and the entry of an order either denying the application or finding that sufficient cause exists for the appointment of a receiver. It further provides that if cause for the appointment of a receiver is found to exist, the Director of Insurance shall appoint the receiver, who shall thereupon take possession of the property and conduct the business of the company until discharged, as provided by the act. Section 4 of the act provides that if upon a hearing the court shall order the liquidation of the business of the company, such liquidation shall be made by and under the direction of such re-

ceiver, who may deal with the property in his own name as receiver or in the name of the company, as the court may direct, and such receiver shall be vested by operation of law with title to all of the property of the company, it being provided that upon filing a copy of such order for record in the office of the recorder of deeds in any county, notice of the transfer shall be taken therefrom the same as from a deed, bill of sale or other evidence of title. Other provisions of the act are not here material.

In the opinion in *People* v. *Niehaus, supra,* we used the following language: "A radical change was effected in the law with reference to the liquidation of insolvent insurance companies by the 1925 act. By it the administration of the affairs of insolvent insurance companies became vested in an executive officer of the State rather than in a receiver appointed by a court. The duties which formerly devolved upon a receiver in collecting and disbursing the assets of a defunct company were imposed upon an official of the executive department of the government, subject, however, to a limited supervision by a court of equity." Without quoting further from the opinion in the foregoing case, we think it sufficient to say that a reading of the Insurance Liquidation act in the light of the language of this court in that case makes it clear that the circuit court of Peoria county was entirely without power to enter the judgment appealed from. The act clearly provides that the liquidation shall be made by the receiver appointed by the Director of Insurance, and, in order to enable him to perform that duty, vests title in him to all of the property of the insolvent company. The decree here appealed from would arbitrarily divest the receiver's title contrary to the provisions of the statute, and it cannot be permitted to stand.

The decree of the circuit court of Peoria county is reversed and the cause is remanded to that court, with directions to recognize the title of the receiver appointed by the

Director of Insurance, and to permit that receiver to proceed with the liquidation of the company in accordance with the Insurance Liquidation act and such supervision, only, as is provided for therein.

*Reversed and remanded, with directions.*

Mr. JUSTICE STONE, because of personal interest in the insurance company in receivership, took no part in the consideration of this case.

Mr. JUSTICE DEYOUNG, dissenting:

The act in relation to delinquent insurance companies, associations and societies (Cahill's Stat. 1933, p. 1603; Smith's Stat. 1933, p. 1707), which authorized the present proceeding, makes no provision for an appeal from the order or decree entered by the circuit court. Disposition of the appellee's contention that no appeal may be prosecuted from such an order or decree is made by the statement in the opinion of the majority that the question was presented upon motion and counter-suggestions and was decided adversely to the appellee. Since an appeal has its basis in statutory authority, and the act invoked is silent in that respect, the reasons for the decision allowing the appeal should be made apparent not only to the litigant, but also to the bench and bar of the State.

Under the act in question, the receiver is not solely an executive or administrative officer. In the conduct of a delinquent insurance company's business as well as with respect to its liquidation and dissolution, if successively ordered by the court, the receiver acts subject to the court's jurisdiction and supervision to the same extent as in ordinary proceedings in equity. Apart from the present case, the effect of the opinion of the majority is to narrow, if not to destroy, the circuit court's statutory supervision over the receiver of a delinquent insurance company.

For the foregoing reasons I cannot concur in the opinion filed.