## In re PEORIA LIFE INS. CO.

## MATALONE et al. v. PEORIA LIFE INS. CO.

### No. 5333.

Circuit Court of Appeals, Seventh Circuit. Feb. 11, 1935.

Rehearing Denied April 2, 1935.

Hirsch E. Soble, E. R. Elliott, Walter V. Fackler, and Albert Langeluttig, all of Chicago, Ill., for appellants.

Otto Kerner, Atty. Gen., David J. Kadyk, of Springfield, Ill., and J. B. Wolfenbarger and George W. Hunt, both of Peoria, Ill., for appellees.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

The only issue involved in this appeal is whether under sections 77A and 77B of the National Bankruptcy Act (48 Stat. 912, 11 USCA §§ 206, 207) the federal courts have jurisdiction to entertain a petition for reorganization of an insurance company, which has ceased to do business and the property of which is in the hands of receivers. The District Court held that it had no such jurisdiction, and from that ruling this appeal is prosecuted.

The petition of appellants alleged that they were creditors of the Peoria Life Insurance Company in excess of $1,000, and that the company was an Illinois corporation, and was not an insurance company at the time the petition was filed, nor has it since been. It further alleged the following facts: That the company was insolvent, or unable to meet its debts as they matured; that it had ceased to do insurance business and was engaged principally as a holding company, holding mortgages, cash, stock, bonds, collateral loans, and investments; that a prior proceeding in equity was instituted and when this petition was filed it was pending in the Circuit Court of Peoria County, Illinois, wherein a receiver was appointed on November 15, 1933; and that a number of state and federal courts in other states had appointed receivers for substantial parts of the assets of the company, prior to the filing of appellants' petition. The petition did not seek to have the company declared a bankrupt. Appellees admitted that the allegations of the petition were substantially true, but denied that the company ever ceased to be an insurance company. They admitted the appointment of the receivers outside this jurisdiction as averred, but specifically alleged that the rights of those receivers were ancillary and inferior to those of the receiver appointed in Illinois.

Section 4 of the Bankruptcy Act of 1898, as amended, provides: "(a) Any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this Act [title] as a voluntary bankrupt. (b) Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this Act [title]." 36 Stat. 839, 11 USCA § 22. Section 77A of the act, as added in 1934 (11 USCA § 206), provides:

"In addition to the jurisdiction exercised in voluntary and involuntary proceedings to adjudge persons bankrupt, courts of bankruptcy shall exercise original jurisdiction in proceedings for the relief of debtors, as provided in section 77B [section 207] of this chapter."

Section 77B (11 USCA § 207) provides:

"(a) Any corporation which could become a bankrupt under section 4 of this Act [section 22 of this title], and any railroad

or other transportation corporation, except a railroad corporation authorized to file a petition or answer under the provisions of section 77 of this Act [section 205 of this chapter], and except as hereinafter provided, may file an original petition, or, before adjudication in an involuntary proceeding, an answer, or in any proceeding pending in bankruptcy, whether filed before or after this section becomes effective, provided the present operations of such corporation do not exclude it hereunder. * * * "

It is obvious from the sections of the statute quoted that an insurance company can not avail itself of the benefits of sections 77A and 77B, and the issue before us is narrowed down to the question, whether, at the time the petition was filed the company was an insurance company. If this question be answered in the affirmative, the order of the District Court should be affirmed, otherwise it must be reversed.

Appellants' contention is based on the reasoning that if an insurance company has ceased to perform its primary function and passed into the hands of the state court and its receiver, it, like other corporations in financial difficulties, should have the privilege of reorganization by a court of nation wide jurisdiction, and they insist that this was the intention of Congress as manifested by the concluding clause of section 77B, "provided the present operations of such corporation do not exclude it hereunder." They argue that the present operations of the company are not those of an insurance company; that it has ceased to do an insurance business; that its sole business now is that of dealing in the securities which it owns for the purpose of liquidation and satisfaction of the claims against it. Hence they say the corporation is eligible to reorganization under section 77B.

With these contentions we are not in accord. Appellants apparently assume that the only duty of an insurance company is to issue policies. Such assumption, however, is not sound, for aside from the mere issuance of policies, it has the highest duties and powers to protect those policies and the investments which they represent, and it has all incidental powers reasonably necessary to the performance of those duties by liquidation of assets and satisfaction of claims or otherwise.

The company derived all of its powers from an Illinois charter and it was at no time authorized or empowered to do any business but that of insurance. Under the Illinois law it was never empowered as a holding corporation for the purpose of holding securities within the accepted meaning of that term, except as such powers were incidental to the insurance business. It was required to maintain certain assets for the protection of its liabilities, under penalty of forfeiting the right to carry on its business. This it failed to do and for that reason a petition was filed against it under the liquidation statute of Illinois. Smith-Hurd Ann. St. c. 73, § 495 et seq., Cahill's Ill. Rev. St. 1933, c. 73, par. 105 (1) et seq. In that proceeding it was found and ordered that sufficient cause existed for the liquidation of its affairs, and the receiver was appointed by the Illinois director of insurance for the purpose of liquidating the company. Under the Illinois statute the receiver was vested by operation of law with title to all the company's property, contracts and rights of action, as of the date of the order of liquidation. People v. Niehaus, 356 Ill. 104, 190 N. E. 349; People v. Peoria Life Insurance Company, 357 Ill. 486, 192 N. E. 420. Hence, if it had any "present operations" when the petition was filed, they were those which were being conducted by a state officer under the supervision of a state court, and not by the company itself. Appellants rely on the case of People v. Marquette National Fire Insurance Company, 351 Ill. 516, 184 N. E. 800, as authority for the proposition that the company ceased to be an insurance company when the receiver was appointed. The authority of that case is somewhat doubtful in view of the discussion of it in the subsequent case of People v. Niehaus, supra. However, even it does not greatly help appellants. As to the point here involved, it merely held that upon the order of liquidation, the company ceased to transact the business of insurance for the reason that there was then no insurance business to be done. If it can be said that the company since the order of liquidation has transacted any business other than insurance, or business incident thereto, we are at a loss to know under what charter it acted, and by what authority of law.

Appellants refer to the legislative history of the amendment in question to prove that it was the intention of Congress in permitting any corporation which could become a bankrupt under section 4 of the act to file a petition under section 77B provided the present operations of such corporation did not exclude it, to bring insurance corporations within the operation of the statute. It may well be that this was the intent of

Congress, and we can easily understand that many beneficent results might be attained by extending to such corporations the benefits of reorganization under the act. However, if that were the purpose intended, certainly the language of the amendment was not happily chosen to bring it about. The courts have no right to strain the language of a statute to bring about a result which it is claimed was the purpose of Congress in passing the statute, when its language in no way indicates that purpose. It seems to us that the effect of section (a) of section 77B is to limit its scope rather than to enlarge it, that is to say, any corporation which could become a bankrupt under section 4 may file under section 77B, provided its present operations are not such as to exclude it. This seems a much more reasonable interpretation than to say that any corporation, regardless of the fact that its original corporate purposes were such as to exclude it under section 4, may file under section 77B if only it has ceased to perform those corporate purposes. Cf. In re National Surety Company (D. C.) 7 F. Supp. 959. We are unable to discern from the federal statutes cited, or from their legislative history, any intention on the part of Congress consonant with appellants' contention.

Decree affirmed.