People of the State of Illinois ex rel. Edward J.
Barrett, Auditor of Public Accounts of the State of
Illinois, Plaintiff, v. Fon du Lac State Bank, De-
fendant.
Reconstruction Finance Corporation, Intervening Pe-
titioner, Appellant, v. Edward J. Barrett, Auditor
of Public Accounts of the State of Illinois, and
Charles H. Albers, Receiver, Fon du Lac State
Bank, Appellees.

Gen. No. 9,280.

Opinion
filed April 14, 1941.

CLARK B. MONTGOMERY, of Peoria, and LEE WALKER,
L. D. WILSON and R. E. STEINBRECHER, all of Chicago,
for appellant.

John E. Cassidy, Attorney General, for certain appellee; Joseph A. Londrigan, Assistant Attorney General, of counsel.

David A. Skalitzky and Edward A. O'Malley, both of Chicago, for certain other appellee.

Mr. Presiding Justice Fulton delivered the opinion of the court.

This action was brought by the appellant, Reconstruction Finance Corporation, to intervene in the suit filed by the People ex rel. Edward J. Barrett, auditor of public accounts of the State of Illinois, seeking the liquidation and dissolution of the Fon du Lac State Bank, and for leave to file its intervening petition in said cause. In line with the briefs of counsel for the parties and for convenience of reference, the appellant, Reconstruction Finance Corporation, the appellee, Charles H. Albers, as receiver of the Fon du Lac State Bank, and the appellee, Edward J. Barrett, auditor of public accounts, will hereinafter be referred to respectively as the petitioner, the receiver, and the auditor.

The case was tried upon the pleadings which consisted of petitioner's written motion for leave to intervene, its intervening petition with three exhibits attached thereto, and a motion challenging the jurisdiction of the court filed by the receiver. No pleading of any kind was filed by the auditor, but a separate brief was filed in his behalf, adopting the authorities and argument presented by the receiver, and joining with him in asking that the order and judgment of the trial court be affirmed.

The motion for leave to intervene alleges that the principal suit filed by the auditor asked for the dissolution and liquidation and winding up of the affairs of the Fon du Lac State Bank; that Charles H. Albers

was the receiver of said bank; that on numerous occasions Albers as such receiver had sought the aid of the court in connection with the liquidation of the affairs of the bank; that petitioner is a creditor of said bank and its claim in the amount of $40,244.66 had been duly allowed by the court; that the auditor had approved the payment of certain unreasonable fees to receiver's attorney; and that the payment of said unreasonable attorney's fees would result in the diminution of the dividend which petitioner would otherwise receive upon its claim.

In addition to the allegations contained in the said motion, the intervening petition set forth in substance the following further facts: it averred that the auditor had duly filed his complaint in the circuit court of Tazewell county, Illinois, praying, among other things, for the dissolution, liquidation and winding up of the affairs of said bank, and for general relief; that the receiver had frequently filed petitions in the cause seeking the aid of the court in divers matters in connection with the winding up of the affairs of the bank; that if the receivership is properly administered according to law, funds will be realized sufficient in amount to pay all of the prior creditors of the bank and leave an overplus, to be applied on petitioner's claim.

That one of the creditors of said bank, Margaret H. Arnold, the township treasurer of Fon du Lac township, in violation of the statute, had deposited school funds in said bank in excess of 75 per cent of its capital, and surplus; that Warren Sutliff, its president, and certain other officers of the bank, executed a bond to secure said Margaret H. Arnold against any loss which she might sustain as a result of the deposit exceeding the statutory limit.

That said Margaret H. Arnold brought suit on the bond and obtained a judgment which was paid by Warren Sutliff; that thereafter Sutliff filed a claim

with the receiver for the amount paid by him to Margaret H. Arnold on the theory that as a surety he was entitled to be subrogated to her claim against the bank; that the claim was resisted by the receiver, through his attorney, John E. Dougherty, and by the Federal Deposit Insurance Corporation, a creditor of the bank, through its attorneys, Quinn, Quinn and O'Hern; the claim was disallowed by the trial court, whose order was affirmed on appeal by this court (295 Ill. App. 71) 14 N. E. (2d) 686. Leave to appeal therefrom was denied by the Supreme Court.

That due, among other things, to the illness and absence from the State of the said John E. Dougherty, the greater portion of the work in connection with the resistance of said claim was done by Quinn, Quinn and O'Hern. That firm of attorneys have received the sum of $1,185 for their services, which amount has been allowed by the court as a claim against the bank in favor of said Federal Deposit Insurance Corporation; that two hearings on the Sutliff claim were had in the circuit court of Tazewell county, which hearings occupied parts of March 26, 1937 and April 3, 1937; the brief and argument of the appellees in this court consisted of 19 printed pages and the answer to Sutliff's petition for leave to appeal to the Supreme Court consisted of 17 printed pages.

That said John E. Dougherty, the attorney for the receiver, submitted a bill in the sum of $6,000 for his services to the receiver in resisting said claim, a part of said bill reciting "as per agreement $6,000.00."

That petitioner, believing the amount of the fee was unreasonable, made written objection thereto to both the auditor and the receiver; that following said objections and after conferences with representatives of the receiver and auditor, petitioner was assured that the fee would not be paid without notice to the petitioner; that said fee has been allowed by the auditor however, and $4,000 thereof was paid during the

quarter ending March 31, 1940; that no itemized statement of time expended by him in rendering legal services in resisting said claim was ever submitted by said John E. Dougherty to either the auditor or receiver.

That petitioner further alleges that under the circumstances the amount of the fee is unreasonable, and that petitioner, as a large creditor of the bank, is entitled to the consideration of the court as to the reasonableness or unreasonableness of the amount of said fee.

The petition prays that it may have the judgment of the court as to the reasonableness of said fee; as to the right of the auditor to approve the fee as an expense of receivership; that if found to be unreasonable the receiver restore the amount of any excess payment to the assets of the receivership and for other and further relief.

In the motion of the receiver he objected to the entry of any order allowing petitioner to intervene. He alleged that he was not the court's receiver and is not answerable to the court for salaries paid to his attorney, and that the court is without jurisdiction over either the receiver's person or the subject matter of the appointment of the receiver or his attorney or the payment of any fees to either the receiver or his attorney.

On the hearing of said motion the court denied the motion of petitioner for leave to intervene on the ground that the court in the proceedings in which the motion was filed was without jurisdiction of the subject matter of the intervening petition.

Petitioner has brought to this court an appeal from that order and the sole question is whether the court below had jurisdiction to entertain the intervening petition.

Section 11 of the Banking Act, ch. 16½, Ill. Rev. Stat. 1939, State Bar Ed. [Jones Ill. Stats. Ann. 10.11] provides, among other things that: ''All expenses of

such receivership, including reasonable receiver's, solicitor's and Attorney's fees, approved by the Auditor of Public Accounts, shall be paid out of the assets of such bank.''

It is the contention of the receiver that since he was appointed by the auditor, and to that extent, an administrative or executive rather than a judicial officer, he is not subject to the court's control, at least as respects the payment of fees to his attorney.

He urges that his appointment made by the auditor pursuant to statute, entitles him as receiver to administer the affairs of an insolvent bank under the direction of the auditor, subject only to the limited supervision vested in the court by the act itself. He refers to the cases of *People ex rel. Barrett v. Shurtleff*, 353 Ill. 248, and *People v. Niehaus*, 356 Ill. 104, and says that of late years the tendency of legislatures has been in favor of executive liquidation, not only of insolvent banks but of insolvent insurance companies as well.

In the two cases above cited, the question before the court was as to the power of a court of equity to appoint a receiver, in the one case for an insolvent bank, and in the other for an insolvent insurance company. In the first case the statute provided that the receiver should be appointed by the auditor and in the second case that he should be appointed by the director of insurance.

In each of those cases it was held that courts of chancery have no general power to appoint receivers for corporations and can appoint them only when expressly authorized by statute, but we do not consider that in either of those cases did the court decide the question of the power of the courts over a receiver appointed by a member of the executive department of the government. In commenting upon a similar situation in the case of *People ex rel. Barrett v. West Side Trust & Savings Bank*, 362 Ill. 607, at page

619, the court said: "Reliance is placed on *People v. Peoria Life Insurance Co.* 357 Ill. 486, and *People v. Niehaus,* 356 id. 104, to support the argument that the receiver appointed by the Auditor is merely an administrative officer who is not subject to the jurisdiction of the court. The principal questions presented for decision in those cases related to the power of appointing receivers of insolvent insurance companies. The cases cited do not aid the receiver as they do not purport to construe section II of the Banking act. Moreover it is conceded that the receiver of the bank in the present proceeding was properly appointed." In that case as in the present one the auditor not only filed a suit in the circuit court to dissolve the bank and settle its affairs but it affirmatively appears from the intervening petition that the receiver has presented numerous petitions to the court with respect to settling affairs of the bank. Furthermore the bill contained a prayer for general relief.

Our Supreme Court has frequently held that the courts may review the acts of an administrative or executive officer to determine whether he has acted arbitrarily, capriciously or illegally, that is, whether he has observed and followed the standard or rule of conduct prescribed by statute. *People v. Brady,* 268 Ill. 192; *Italia American Shipping Corp. v. Nelson,* 323 Ill. 427. In the case of *State ex rel. Squire v. National City Bank of Cleveland,* 56 Ohio App. 401, 11 N. E. (2d) 93, the court stated the rule as follows; "No matter how broad the statutory language conferring power upon an administrative officer may be, if he ignores the law enacted to control his action, a person whose private right is violated thereby may seek his remedy in the judicial Court of appropriate jurisdiction. And where discretion is lodged in such officer there is an implied term in all such legislative enactments that such discretion will be exercised in a judicious manner, and not arbitrarily or capriciously. The arbitrary or

capricious exercise of power by an administrative officer offends against the due process clause of the federal and state constitutions.''

In the *Shurtleff* case it was held that courts of equity are without jurisdiction, in the absence of a statute conferring it, to dissolve a corporation or to wind up its affairs, or to appoint a receiver for the collection of its assets, but made the following comment on jurisdiction: ''A decree of a court of equity must rest upon a bill stating a case of a character of which the court has jurisdiction. The jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject matter—that is, the power to render a decree in the class of cases to which the particular case in question belongs—and of the parties, nothing further is required. The cause of action may be defectively stated in the bill, but that will not destroy jurisdiction. Jurisdiction of the subject matter does not mean, simply, jurisdiction of the particular case before the court, but jurisdiction of the class of cases to which the particular case belongs.''

If, in this case, a much larger attorney's fee had been allowed and approved by the auditor, say $10,000 or $15,000 or more, it would be strange indeed if the reasonableness of such fee could not be questioned by some court, where complaint is made by an injured creditor.

Therefore, if the court has jurisdiction in an exaggerated case, it surely has jurisdiction of the class of cases to which this one belongs. While we concede the power of the auditor to fix and allow attorney's fees in bank liquidation cases, we believe the abuse of such power or discretion is subject to review by the courts.

In the brief filed by the receiver in this case he concedes that creditors of a closed bank are not without remedy when administrative officers exceed their powers, but insists the right of action is by a plenary

suit, separate and apart from the dissolution proceedings.

As we view the holding of the court in *People ex rel. Barrett v. West Side Trust & Savings Bank,* 362 Ill. 607, it definitely finds that where the auditor files a bill for dissolution of a bank and prays for general relief for himself and the receiver that the court in such case acquires general jurisdiction over the acts and doings of the auditor and the receiver with respect to the liquidation of the bank. In that case on page 617 of the opinion the court said: ''The trial court in this case was unquestionably the court having charge of the liquidation of the bank within the contemplation of section II. The statement of the receiver that the liquidation proceeding is solely for his benefit, and that he cannot be compelled by the court having charge of the liquidation to perform the duties imposed upon him by the statute, carries its own condemnation. . . . The manifest intent disclosed by all the provisions of section II is that the liquidation and settlement of the trust business of the closed bank should proceed to a speedy termination with a minimum of expense. . . . We find no language in section II which can be distorted to mean that the orderly dispatch of the business of courts should be upset by requiring the services of other courts for purposes that can be performed by the one. The court in charge of the liquidation of a bank is not a mere conduit for the benefit of the receiver.''

Counsel for the receiver have devoted considerable space in their brief for the purpose of showing that the intervening petition in this case is not sufficient. We do not consider that the sufficiency of the allegations or of the petition are in question on this appeal. The merits of the case were not submitted to the trial court, nor was the petition dismissed on the ground that it was not meritorious, but on the sole ground that the court in the dissolution suit was without juris-

diction of the subject matter of the petition. A motion to strike would have properly raised the question of the sufficiency of the petition but appellee elected to rely upon and challenge the jurisdiction of the court as the sole ground of his motion.

We are of the opinion that the trial court had jurisdiction to entertain the question raised by the intervening petition in controversy. The order and judgment of the circuit court of Tazewell county is reversed and the cause remanded to that court with directions to permit the appellant to intervene and to file its intervening petition.

*Reversed and remanded with directions.*